# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

KHAFANI L. FOSTER,

            Petitioner,      :      Case No. 2:20-cv-1346

  - vs -                            District Judge George C. Smith
                                        Magistrate Judge Michael R. Merz

OHIO ADULT PAROLE AUTHORITY,

                                       :

            Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Khafani L. Foster, seeks release from his incarceration by Respondent Ohio Adult Parole Authority for a violation of the conditions of his post-release control.

The case is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases. Under that Rule, the clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Petitioner avers that he was convicted in the Franklin County Court of Common Pleas of aggravated robbery with a firearm specification and sentenced in that court's Case No. 07 CR 003038 on November 9, 2007, to seven years imprisonment (Petition, ECF No. 1, PageID 1). He further alleges that he served that time but has been twice reincarcerated by Respondent for post-

release control violations. *Id.* at PageID 5. He further alleges that he has not presented this claim to any Ohio court because there is no appeal process from a Parole Authority decision. *Id.*

A person may not bring a federal habeas corpus action until he has exhausted remedies available to him in the court of the convicting State. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275 (1971). While, as Petitioner alleges, there may not be any direct appeal available from a Parole Authority revocation decision, habeas corpus in state court is available to test a parole action when it results in person's being confined after jurisdiction over him has expired. *Brewer v. Dahlberg*, 942 F.2d 328 (6th Cir. 1991), *citing In re Anderson*, 55 Ohio App. 2d 199 (Cuyahoga Cty. 1978). Habeas corpus rather than mandamus is the appropriate action for persons claiming entitlement to immediate release from prison, as Petitioner does here. *State ex rel Lemmon v. Ohio Adult Parole Auth.,* 78 Ohio St. 3d 186, 188 (1997); *State ex rel Pirman v. Money*, 69 Ohio St. 3d 591, 594 (1994).

Because Petitioner has not sought habeas corpus relief from the Ohio courts, his state court remedies are not exhausted. It is therefore respectfully recommended that the Petition be dismissed without prejudice to it refiling when the state court remedies are exhausted, if Petitioner is unsuccessful. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 23, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.